UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

OBRA LEE                                                                                              PLAINTIFF

V.                                                             CIVIL ACTION NO.1:04CV288-WAP-JAD

BUTCH HOWARD, ET AL                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

The undersigned has considered the defendants' motion for summary judgment (Doc. 28) and has reviewed the file in this matter. The plaintiff has filed no response. His complaint under oath has been reviewed and considered.

The plaintiff's complaint alleges that he asked for Tylenol for a headache on November 3, 2003. He claims defendant Fox gave him what he believes was a wrong medication. His cell mate later pushed the buzzer to get him help. His left shoulder was swollen. Medical attention was summoned and care was refused by Lee. On November 11, 2003, Lee's shoulder was hurting badly enough that he requested medical attention. He was seen by Sarah Rickert, a nurse defendant, a nurse Mordecai and a physician, Dr. Stanback. He was taken to the hospital the following day for x-rays and his shoulder treated by a Dr. Rhea, beginning on November 12, 2003, through December 22, 2003, when the doctor released Lee.

The medical records provided by the defendants show that around November 4, 2003, Lee experienced some type of seizure. The defendants have also produced the Lowndes County policy requiring the provision of reasonable medical care to inmates.

The motion for summary judgment should be granted if there are no disputes of material fact and the movants are entitled to judgment as a matter of law. Since Lee bears the burden of proof,

he must set forth admissible evidence necessary to establish every element of his claim. If there is a failure of proof as to any element of the claim, any factual disputes regarding other elements are not material.

Butch Howard, the sheriff has denied any personal involvement in Lee's medical care. Lee's complaint does not contradict Howard. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison or jail employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978). Additionally, the medical policies attached show that no policy of the sheriff is implicated by Lee's complaint.

In order to survive the motion for summary judgment on his claim against the officer and the nurse, Lee must allege and provide some proof to support a claim of "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct 285, 50 L. Ed. 2d 251(1976). In Lee's case it is undisputed that medical care was offered for his shoulder and initially refused by Lee. When his injury became painful enough, Lee sought and was provided with medical care. Nothing in Lee's complaint or the medical records supports a claim that either of these individuals were guilty of deliberate indifference to any of Lee's medical needs. The extensive medical records, to the contrary, show apparently reasonable care even for trifling medical needs including treatment for dandruff and dry skin. Additionally, Lee has not submitted any proof that would tie the alleged wrong medication with the injury he claims.

"Summary judgment should be granted ... when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 (5th Cir. 1994) (*en banc*). Lee has failed to

meet this burden. Therefore the undersigned recommends that the motion for summary judgment be granted and the complaint dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 28th day of November, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE